UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-0927** |
| **BURL CAIN, WARDEN** | **SECTION "F"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

**I.    Factual and Procedural Background**

The petitioner, Daniel Smith ("Smith"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On December 19, 1989, Smith, and a co-defendant, Cedric L. Carpenter ("Carpenter"), were charged by bill of information in Orleans Parish Criminal Case No. 339-931 with one count for the armed robbery of Monique Bailey and in the second count for the

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

armed robbery of Escrelita Carmouche.[3] Carpenter entered a plea of guilty that same day.[4] He was sentenced to five years in prison concurrent on each count without benefit of parole, probation, or suspension of sentence.[5]

Smith, who was sixteen years old at the time, entered a plea of guilty to both counts of armed robbery on January 26, 1990.[6] He was thereafter sentenced to five years in prison on each count, with credit for time served, to run concurrently and without the benefit of parole, probation, or suspension of sentence.[7] The Trial Court also made a special request that Smith not be transferred to the Louisiana State Penitentiary.[8]

While no longer in prison[9], on November 28, 1992, Smith was arrested for the armed robbery, theft, and possession of a stolen automobile belonging to Teron Goins.[10] On December 21, 1992, he was charged by bill of information in Orleans Parish Criminal Case No. 360-596 with the armed robbery of Goins ("count one") and the armed robbery of Lazandra Breaux ("count two").[11]

---

[3]St. Rec. Vol. 1 of 7, Bill of Information, Criminal District Court, Orleans Parish, Section D, 339-931, 12/19/89.

[4]St. Rec. Vol. 1 of 7, Waiver of Constitutional Rights Plea of Guilty, 12/4/89.

[5]St. Rec. Vol. 1 of 7, Sentencing Minutes (Carpenter), 1/4/90.

[6]St. Rec. Vol. 1 of 7, Plea of Guilty, 1/26/90; Plea Minutes, 1/26/90 (Corrected Minutes, 4/29/91).

[7]St. Rec. Vol. 1 of 7, Plea Minutes, 1/26/90 (Corrected Minutes, 4/29/01).

[8]St. Rec. Vol. 1 of 7, Minute Entry, 3/12/90.

[9]It is unclear from the record when Smith was released.

[10]St. Rec. Vol. 5 of 7, Arrest Register Municipal Court, 11/28/92.

[11]St. Rec. Vol. 5 of 7, Bill of Information, Criminal District Court, Orleans Parish, Section I, 360-596, 12/21/92.

Smith was tried before a jury on May 17, and 21, 1993, and was found guilty as charged on both counts.[12] The Trial Court sentenced Smith on May 28, 1993, to serve 35 years to run concurrently and without the benefit of parole, probation, or suspension of sentence.[13] The Court also denied his motion to reconsider the sentence.[14]

The State later filed a multiple bill charging Smith as a second offender based on his conviction in 1990 in Case No. 339-931.[15] On February 7, 1994, Smith enter a plea of guilty to the multiple bill and was sentenced as a second offender to serve 50 years in prison without the benefit of probation, parole, or suspension of sentence.[16] His conviction was affirmed by the Louisiana Fourth Circuit Court of Appeal on February 11, 1994.[17]

Smith filed an application for post-conviction relief in the Trial Court on April 26, 2000, challenging his conviction in Case No. 360-596 on the basis of a defective bill of information.[18] The application was denied as untimely filed pursuant to La. Code Crim. P. art. 930.8(A).[19] Smith's writ application to the Louisiana Fourth Circuit was denied on December 19, 2000.[20]

---

[12]St. Rec. Vol. 4 of 7, Trial Minutes, 5/17/93; Trial Minutes, 5/21/93; St. Rec. Vol. 5 of 7, Verdict Form (count one), 5/21/93; Verdict Form (count two), 5/21/93; St. Rec. Vol. 6 of 7, Trial Transcript, 5/21/93.

[13]St. Rec. Vol. 4 of 7, Sentencing Minutes, 5/28/93.

[14]*Id*.; St. Rec. Vol. 5 of 7, Motion to Reconsider Sentence, 5/28/93; Trial Court Order, 5/28/93.

[15]St. Rec. Vol. 5 of 7, Multiple Bill, 7/6/93; St. Rec. Vol. 4 of 7, Minute Entry, 7/6/93.

[16]St. Rec. Vol. 4 of 7, Sentencing Minutes, 2/7/94; Plea Transcript, 2/7/94.

[17]St. Rec. Vol. 5 of 7, 4th Cir. Opinion, 93-KA-1687, 2/11/94.

[18]St. Rec. Vol. 5 of 7, Uniform Application for Post-Conviction Relief, 4/26/00 (dated 4/23/00).

[19]St. Rec. Vol. 5 of 7, Trial Court Judgment, 9/27/00.

[20]St. Rec. Vol. 5 of 7, 4th Cir. Order, 2000-K-2508, 12/19/00.

In an application for writ of mandamus submitted to the Louisiana Fourth Circuit, Smith claimed that, on September 11, 2002, he filed a motion for copies of documents related to his guilty plea in Case No. 339-931.[21] The Court ordered the Trial Court on May 20, 2003, to provide Smith with a copy of his *Boykin* (plea) transcript, the bill of information, and the commitment documents.[22]

On September 5, 2003, Smith filed another mandamus application claiming that he had not received the documents previously ordered to be provided to him.[23] The Court granted his request and, on November 3, 2003, ordered the Trial Court to comply with its May 20, 2003 order within thirty days and that failure to comply would result in the commencement of contempt proceedings.[24]

In a subsequent mandamus application to the Louisiana Fourth Circuit filed December 16, 2003, Smith alleged that, on November 13, 2003, he filed a Motion to Withdraw and Set Aside Guilty Plea and to Vacate Illegal Sentence in the Trial Court to which he received no response from the Trial Court.[25] He also alleged therein that he still had not received all of the documents ordered to be provided to him. On February 5, 2004, the Louisiana Fourth Circuit denied the writ application finding that he had been provided with all available documents and that his motion to withdraw was untimely.[26]

---

[21]St. Rec. Vol. 2 of 7, 4th Cir. Writ Application, 2003-K-0675, 4/9/03. No such motion appears in the Trial Court record. The record also demonstrates that Smith made numerous requests for copies in connection with Case No. 360-596.

[22]St. Rec. Vol. 2 of 7, 4th Cir. Order, 2003-K-0675, 5/20/03.

[23]St. Rec. Vol. 2 of 7, 4th Cir. Writ Application, 2003-K-1593, 9/5/03.

[24]St. Rec. Vol. 2 of 7, 4th Cir. Order, 2003-K-1593, 11/3/03.

[25]St. Rec. Vol. 2 of 7, 4th Cir. Writ Application, 2003-K-2188, 12/16/03 (attached Motion to Withdraw and Set Aside Guilty Plea and Vacate Illegal Sentence, undated). No such motion appears in the Trial Court record.

[26]St. Rec. Vol. 2 of 7, 4th Cir. Order, 2003-K-2188, 2/5/04.

Although not part of the record provided by the State, on October 19, 2004, Smith filed an application for post conviction relief with the Trial Court challenging the constitutionality of his guilty plea in Case No. 339-931. The filing is referenced in one of Smith's mandamus applications to the Louisiana Fourth Circuit and in that Court's related order.[27] In that order, the Court noted that the record was unclear as to whether Smith's application had been filed by the Trial Court, and the Court transferred the post-conviction application to the Trial Court for consideration.

The record reflects that, after an evidentiary hearing held by the Trial Court on July 31, 2006, the Trial Court denied the application as untimely filed under La. Code Crim. P. art. 930.8.[28] This order also is not part of the record provided. Nevertheless, the Louisiana Fourth Circuit denied Smith's subsequent writ application finding no error in the Trial Court's ruling.[29]

On October 31, 2006, Smith submitted a writ application to the Louisiana Supreme Court seeking review of the denial of his post-conviction application as untimely pursuant to La. Code Crim. P. art. 930.8.[30] In the writ application, Smith raised three claims: (1) he was denied due process pursuant to the Fourteenth Amendment, because the record showed that he was not adequately advised of his *Boykin* rights before his plea of guilty was accepted; (2) he was denied due process, because according to the record, he was not informed that the sentence would be imposed without the benefit of parole; and (3) the sentence imposed was illegal, because the Trial

---

[27]St. Rec. Vol. 2 of 7, 4th Cir. Writ Application, 2006-K-0363, 4/4/06; 4th Cir. Order, 2006-K-0363, 4/21/06.

[28]St. Rec. Vol. 2 of 7, 4th Cir. Writ Application, 2006-K-1162, 8/28/06.

[29]St. Rec. Vol. 2 of 7, 4th Cir. Order, 2006-K-1162, 9/18/06; 4th Cir. Writ Application, 2006-K-1162, 8/28/06.

[30]St. Rec. Vol. 3 of 7, La. S. Ct. Writ Application, 06-KH-2716, 11/16/06 (dated 10/31/06).

Court imposed one sentence for a plea to two separate offenses. The Louisiana Supreme Court denied relief without stated reasons on September 14, 2007.[31]

## II.     Federal Petition

On March 20, 2008, the clerk of court filed Smith's first federal petition for habeas corpus relief challenging his conviction in Case No. 339-931and in which he raised three claims:[32] (1) he was not advised of his rights in violation of *Boykin*; (2) he was not informed prior to the plea that the sentences were to be served without benefit of parole; and (3) illegal imposition of a single sentence for a plea to two separate offenses.

The State filed a memorandum in opposition to Smith's petition arguing that the petition should be dismissed because Smith is no longer in custody on the conviction about which he complains, his petition is not timely filed, and his petition is barred from review pursuant to *Lackawanna Cnty. Dist. Attorney v. Cross,* 532 U.S. 394 (2001).[33]

## III.    Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[34] applies to Smith's petition, which is deemed filed in this court under the

---

[31]*State ex rel. Smith v. State*, 963 So.2d 389 (La. 2007); St. Rec. Vol. 3 of 7, La. S. Ct. Order, 2006-KH-2716, 9/14/07.

[32]Rec. Doc. No. 3.

[33]Rec. Doc. No. 11.

[34]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

federal mailbox rule on January 28, 2008.[35] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State argues that Smith's petition is not timely filed and that the Court is without jurisdiction. A review of the record reflects that this Court is without subject matter jurisdiction over Smith's habeas corpus petition challenging the 1990 guilty pleas and convictions.

## IV.   The "In Custody" Requirement of Subject Matter Jurisdiction

Title 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief *only* from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and have exhausted state court remedies). The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the petition is filed. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (whether a petitioner is "in custody" is

---

[35]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Smith dated his signature on the petition on January 28, 2008. This is the earliest date on which he could have been submitted the pleadings to prison officials for mailing. The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

determined as of the date on which the habeas petition is filed); *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985).

The *Maleng* Court further held that a habeas petitioner is not considered to be "in custody" when his sentence has expired for the challenged conviction. *Maleng*, 490 U.S. at 492 (citing *Carafas*, 391 U.S. at 238); *accord Steverson v. Summers*, 258 F.3d 520, 524 (6th Cir. 2001); *Pleasant v. State*, 134 F.3d 1256, 1258 (5th Cir. 1998). While recognizing that a prisoner need not be physically confined to be "in custody" for the purposes of § 2254, the Court noted:

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, our decision in *Carafas v. La Vallee*, *supra*, strongly implies the contrary.

*Maleng*, 490 U.S. at. 491.

In this case, Smith was no longer incarcerated for the 1990 guilty plea convictions in Case No. 339-931 when he was arrested on November 28, 1992, for committing the two armed robberies charged in Case No. 360-596 for which he is now in prison. Smith's petition is deemed filed in this Court under the federal "mailbox rule" on January 28, 2008. At that time, Smith was *not* in custody on the 1990 armed robbery conviction (Case No. 339-931) at issue in this petition. His current incarceration stems from another, subsequent criminal conviction. Smith is not "in custody" and this Court is without subject matter jurisdiction to consider his habeas corpus petition.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Daniel Smith's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** because the Court lacks subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[36]

New Orleans, Louisiana, this 8th day of December, 2010.

                                                    **KAREN WELLS ROBY**
                                   **UNITED STATES MAGISTRATE JUDGE**

---

[36]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.